FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 16 PM 4: 18

Michael D. Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RICHARD JAMES MCKINNON,<br><br>　　　　　Defendant. | Case No. A05-0108-05 CR (JWS)<br><br>MOTION FOR REVIEW OF DETENTION ORDER AND REQUEST FOR *DE NOVO* BAIL REVIEW HEARING |

　　　　*1.　　Introduction*

　　　　Richard McKinnon appeals to the district court for review of the magistrate judge's December 15, 2005, detention order. 18 U.S.C. § 3145(b). (Docket 107.) By refusing to receive testimony from Mr. McKinnon's proposed third-party custodian and family, the magistrate judge failed to accord Mr. McKinnon the minimum procedural requirements set forth in 18 U.S.C. § 3142(f). As a result, Mr. McKinnon requests a *de novo* bail review hearing before the district court.

113

Mr. McKinnon acknowledges that the current charges are serious. He faces counts related to the distribution of cocaine and methamphetamine. Due to the greater than 50 gram quantity alleged, he is arguably susceptible to a ten year minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A). Nevertheless, on balance, he asserts that his application for bail is credible and should have resulted in a hearing. At a minimum, the law requires that he be allowed to present testimony on his behalf at a detention hearing.

2.   *Relevant Facts*

Mr. McKinnon is 25 years of age. He has no significant criminal record. He has resided almost continuously in Alaska since 1985, when he was five years of age. Although not married, Mr. McKinnon has a one year old son, to whom he has demonstrated extreme dedication. All of Mr. McKinnon's immediate family resides in Anchorage, with the exception of his biological father, who resides in Oregon.

At the outset of the hearing, Mr. McKinnon announced that he was prepared to call two witnesses.

First, Mr. McKinnon was prepared to call Laurie Butcher as a witness. Ms. Butcher is Mr. McKinnon's mother. She is also a vice president of financial operations at Alaska Communications Services (ACS). Her testimony would have provided facts to the court in support of Mr. McKinnon's claim that he is neither a flight risk nor a danger to the community. Finally, she would have punctuated the strength of his position by detailing the social setting of Mr. McKinnon's release plan,

and the extent to which she, within the limitations of her employment, would be able to maintain contact with Mr. McKinnon during his release.

Second, Mr. McKinnon would have called Jonnathon Lackey as a witness and as a proposed third-party custodian. Mr. Lackey, like Ms. Butcher, is an extremely accomplished member of the community. He has been employed by Peninsula Airways for the past seven years as a commercial pilot, transporting passengers up and down the Aleutian chain and to other parts of Southwest Alaska. He also has been a friend of Mr. McKinnon's since his high school days. He has no criminal record. The pretrial services report found no fault in Mr. Lackey.

The proposed release plan included house arrest, electronic monitoring, a bail bond, regular drug testing, and sight and sound third-party custody to Mr. Lackey when Mr. Lackey was not at work. (Mr. Lackey works three days a week and is on call a fourth. His work does not include overnight travel. During the time that Mr. Lackey was flying, Ms. Butcher could at least maintain a tight pattern of telephonic contact, to supplement the already tight controls of electronic monitoring.)

The pretrial services report opposed Mr. McKinnon's release, primarily citing the defendant's exposure to the minimum jail term. Also, the report cited the government's allegation that Mr. McKinnon previously had helped get a co-defendant out of jail on a separate Alaska state court matter by serving as a third-party custodian for the co-defendant during the course of the conspiracy now alleged in the present case.

On December 12, 2005, Mr. McKinnon filed a request for a bail hearing. (Docket 92.) The court set a bail hearing for December 15, 2005. (Docket 96.) Mr. McKinnon previously had been arraigned on November 18, 2005, at which time the government invoked the applicable statutory presumption of detention and requested a detention hearing. (Docket 6.) The court set the detention hearing for November 23, 2005. At that time, Mr. McKinnon was not prepared to present witnesses and evidence in support of a case for his release, and he simply requested alternative placement at a halfway house. The court denied the request and ordered detention. (Docket 23.) The hearing set for December 15 was to be Mr. McKinnon's first serious attempt to seek release.

At the beginning of the December 16 hearing, counsel for Mr. McKinnon outlined the release plan, which included house arrest, electronic monitoring to insure house arrest status, and partial sight and sound supervision of a Jonnathon Lackey as a third-party custodian. Mr. McKinnon's family was prepared to provide the court either an unsecured or a secured bail bond. Also, to fill in the gap during which Mr. Lackey would be at work, Ms. Butcher would maintain telephonic contact at regular intervals. The proposal also included, if requested, urinalysis testing.

Immediately after Mr. McKinnon generally introduced the third-party and the release plan through a brief introductory argument, the court summarily denied release. During the course of the hearing, which lasted about three minutes, Magistrate Roberts denied Mr. McKinnon's request that he be allowed to present the testimony of Ms. Butcher. After Mr. McKinnon's opening argument, counsel for


Mr. McKinnon specifically insisted that the court consider testimony from Ms. Butcher. Magistrate Roberts denied the request and announced a decision continuing detention.

This appeal follows.

3.   Argument

This appeal is more than a request, *per se*, for release. Rather, it is a Due Process and statutorily-mandated opportunity to present testimony at a hearing to decide the possibility of release. Mr. McKinnon is 25 years old. He has substantial local community contacts and support; he does not have a significantly troubled past. He has only a few almost trivial prior police contacts. His family is prepared to post a bond on his behalf. His application is quite obviously not frivolous.

The pending charges make Mr. McKinnon subject to a rebuttable presumption of detention. 18 U.S.C. § 3124(e). To rebut the presumption of detention, Mr. McKinnon is obliged to produce some credible evidence showing that, under the terms of a particularized release plan, he is not a significant flight risk or danger to the community. *United States v. Alatishe*, 768 F.2d 364 (D.C. Cir. 1985); *United States v. Jessup*, 757 F.2d 378 (1st Cir. 1985); *United States v. Freitas*, 602 F. Supp. 1283 (N.D. Cal. 1985) (the Bail Reform Act shifts to a defendant only the burden of production, not burden of persuasion).

In order to produce some credible evidence, the bail statute gives the defendant a choice as to a variety of forms of evidence, ranging from proffer to live witness testimony. The statute is unambiguous; Mr. McKinnon had a right to present witnesses to the court that decided bail release:

> The person shall be afforded an opportunity to testify, *to present witnesses,* to cross-examine witnesses who appear at the hearing, and to present evidence by proffer or otherwise.

18 U.S.C. §3142(f) (emphasis added).

This section has been interpreted to mean precisely what it says. *United States v. Torres,* 929 F.2d 291 (7th Cir. 1991). In *Torres*, the Seventh Circuit concluded that the district court erred by denying the defendant an opportunity to present the testimony of family members at a bail hearing. Furthermore, in *Torres*, the court concluded that the district court should not limit defense counsel to a proffer.

The circumstances here are similar to those presented in *Torres.* Magistrate Roberts erred by denying Mr. McKinnon an opportunity to present the testimony of the two proffered witnesses, who clearly possessed the best potential basis for the claim that Mr. McKinnon would not flee or present a danger to the community if released to their custody under tight house arrest conditions. The bail statute allows the defendant to proceed by proffer, but it is not the magistrate's decision as to the method. Mr. McKinnon had a right to elicit testimony.

///

///

///

///

///

The remedy here is a *de novo* detention review hearing before this court. *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1991). The facts must be presented anew, inclusive of testimony from Mr. McKinnon's witnesses.

DATED this 16th day of December, 2005.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

Michael D. Dieni
Assistant Federal Defender

Certification:

I certify that on December 16, 2005, I hand delivered a copy of this document to:

Stephan A. Collins, Esq.
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9 Rm 253
Anchorage, AK  99513-7567

Lenora L. Roehling