Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 3:05-cr-0108-JWS |
| vs. | DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM |
| RICHARD JAMES MCKINNON, | |
| Defendant. | |

Defendant, Richard James McKinnon, by and through counsel Michael Dieni, Assistant Federal Defender, hereby submits his supplemental sentencing memorandum. This memorandum is submitted to respond to the government's sentencing memorandum, which includes a late-filed objection to the presentence report regarding the advisory sentencing guideline.

The final presentence report estimated the relevant guideline offense level at 32, for 50 or more grams of methamphetamines.  PSR ¶ 13.  After subtracting three levels for acceptance of responsibility, and with no criminal history points, the PSR advisory guideline estimate is 87 to 108.  PSR ¶¶ 21, 22.  The government filed no objection to the

draft or final PSR. In its memorandum filed Monday, October 2, however, the government objected to the PSR, noting that the writer committed a "typographical error." The government then argued that the formal laboratory analysis of the two known transactions involving methamphetamines showed more than 150 grams of (actual) methamphetamines. Technically, the government is correct. PSR ¶¶ 26, 37. The total mixed methamphetamines weighed at only 219 grams. However, the methamphetamines involved in the two transactions tested extraordinarily high at nearly 90 percent purity, resulting in 194 grams actual. There was no reason, however, for Mr. McKinnon to know that the meth in these transactions was so extraordinarily pure.

It is appropriate, therefore, for the court in making use of the advisory guidelines, to consider using the lower advisory guideline level as recommended in the PSR. Even under the old mandatory guidelines, the Ninth Circuit has considered this problem, and allowed the court to consider a downward departure. *United States v. Mendoza*, 121 F.3d 510 (9th Cir. 1997) (district court had authority to consider downward departure, under sentencing knowledge, of purity of methamphetamine he delivered).

In the present case, Mr. McKinnon's involvement in the transactions was limited to that of driver and middleman. In the first transaction, described in Amendment A, PSR ¶ 26, it was Andre Tolbert who brought the methamphetamines up from Seattle for the transaction. Mr. McKinnon played no role in the procurement, packaging, or production of the methamphetamines. By the time of the second transaction, Mr. McKinnon had lost the respect of Mr. Rainey, and had been relegated to doing nothing other than driving the vehicle. Amendment A, PSR ¶ 28, 37. Mr. Rainey brought the drugs up himself and did

the deal himself; Mr. McKinnon did nothing but drive. PSR ¶ 37. Again, there is no reason to believe Mr. McKinnon had any control over or knowledge of the purity of this meth.

If the drugs had tested out at the more common value of 50 percent purity, a much more foreseeable outcome, Mr. McKinnon would have been well within the 50 to 150 gram (actual) level initially suggested by the PSR for purposes of guideline analysis.

Given these facts, the advisory guideline range of 87 to 108 as set forth in the PSR makes sense as a starting point for analysis of the remaining 18 U.S.C. § 3553 factors. As observed by both the government and the defendant in sentencing memoranda, it is likely that Mr. McKinnon will also submit safety valve eligibility when sentencing occurs as a further basis for advisory guideline reduction.

DATED this 3rd day of October, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on October 3, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Stephen A. Collins, Esq.

/s/ Michael D. Dieni